SEYFARTH SHAW LLP
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendants
FIELDCORE SERVICES SOLUTIONS,
LLC, and GRANITE SERVICES
INTERNATIONAL, INC.

PARMET PC
Matthew S. Parmet (SBN 296742)
matt@parmet.law
340 S. Lemon Avenue, Suite 1228
Walnut, California 91789
Telephone:   (713) 999.5228
Facsimile:   (713) 999.1187

Attorneys for Plaintiff
MARTIN TROTTIER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN TROTTIER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FIELDCORE SERVICES SOLUTIONS, LLC, and GRANITE SERVICES INTERNATIONAL, INC.,<br><br>Defendants. | Case No. 2:20-cv-00077-PA-JC<br><br>**JOINT RULE 26(f) REPORT**<br><br>**Scheduling Conference Date: June 1, 2020**<br>**Time: 10:30 a.m.** |

/ / /

/ / /

/ / /

JOINT RULE 26(F) REPORT

63977641v.1

1    Pursuant to Federal Rule of Civil Procedure 26(f) and Central District of California

2    Local Rule 26-1, Plaintiff Martin Trottier ("Plaintiff") and Defendants FieldCore Service

3    Solutions, LLC and Granite Services International, Inc ( "Defendants"), by and through

4    their respective counsel of record, hereby submit the following Joint Rule 26(f) Report.

5    On May 18, 2020, the parties are meeting with a private mediator, Hunter Hughes,

6    to discuss the possibility of an early resolution and a subsequent formal mediation session.

7    The parties will promptly notify the Court in the event that they commit to scheduling a

8    formal mediation as a result of the May 18th conference with the mediator.

9    ## I.    RULE 26(f) REQUIREMENTS

10   **1.    <u>Statement of the Case</u>**

11   *For Plaintiff:*

12   Plaintiff brings this class and collective action pursuant to the Fair Labor Standards

13   Act (FLSA), California Labor Code (California Law), and New York Labor Law New

14   York Law). Plaintiff alleges that Defendants failed to pay him and the Putative Class

15   Members overtime for hour worked over 40 in a work week. Instead of paying overtime,

16   Defendants paid Plaintiff and the Putative Class Members the same hourly rate for all hour

17   worked, or "straight time for overtime." Plaintiff alleges that he was not guaranteed or

18   paid on a salary basis. Plaintiff further alleges that other hourly employees paid straight

19   time for overtime were likewise not guaranteed a set salary. Plaintiff also contends that

20   Defendants cannot meet the reasonable relationship test. The reasonable relationship test

21   will be met if the weekly guarantee is roughly equivalent to the employee's usual earnings

22   at the assigned hourly, daily or shift rate for the employee's normal scheduled workweek.

23   Generally, a 1.5 to 1 ratio will be considered reasonably related. Since Defendants cannot

24   meet the salary basis and the reasonable relationship test, none of Defendants' white-collar

25   exemption defenses would be applicable.

26   Plaintiff claims unpaid wages, liquidated damages, and attorney fees. Plaintiff is

27   entitled to recover overtime pay for all hours worked in excess of 40 per week at 150% of

28   Plaintiff's regular pay rate, which is calculated in accordance with 29 U.S.C. § 207.

63977641v.1

1    Plaintiff is also entitled to an equal amount as liquidated damages. 29 U.S.C. § 216(b).

2    Plaintiff also seeks attorney's fees and costs. 29 U.S.C. § 216(b).

3        Under California Law, Plaintiff seeks time and a half compensation for hours

4    worked over 8 in one day. Plaintiff further seeks twice the overtime premium for

5    compensation for hours worked over 12 in one day. Plaintiff seeks two times the overtime

6    premium compensation for hours worked over 8 in one day, in the seventh day of a

7    workweek. Under California Law, Plaintiff is entitled to his regular rate of pay for one

8    hour in each day he was denied his lawfully required meal and rest periods. Defendants

9    also owe waiting time penalties under California Law.

10       Under New York Law, Plaintiff contends he is owed overtime wages at a rate of

11   150% his regular pay rate. Plaintiff also seeks proper annual wage notices and wage

12   statements under New York Law.

13       ***For Defendants:***

14       Plaintiff Martin Trottier was a salaried exempt Aero Controls Technician IV in the

15   Technical Field Advisor group. Plaintiff was highly trained and highly compensated.  He

16   earned well in excess of $100,000 per year on an annualized basis during the relevant

17   timeframe, inclusive of a predetermined weekly salary.

18       Plaintiff was not an hourly employee. His offer letter conveyed that he would be

19   paid a weekly salary, and his earnings statements reflect that he received a weekly salary.

20   The fact that Defendants sometimes paid Trottier additional compensation, beyond his

21   salary, for certain extra hours worked does not mean he was an hourly employee, nor does

22   it change the fact that he was properly classified as exempt

23       Defendants deny Plaintiff's claims and material allegations. Defendants properly

24   compensated Plaintiff in accordance with the FLSA and applicable state law. Based on his

25   compensation and duties during the period relevant to his claims, Plaintiff satisfies the

26   requirements of the FLSA's highly compensated employee exemption, as well as multiple

27   other exemptions under the FLSA and applicable state law, including the professional and

28   administrative exemptions. Plaintiff is not subject to the FLSA's reasonable relationship

1    test, both because he received a weekly salary and because he is a highly compensated

2    employee, and even if he were subject, the test would be satisfied.

3            Furthermore, this case is not suitable or appropriate for class or collective action

4    treatment. The current opt-in plaintiffs were previously parties to a related, earlier filed,

5    and still pending action filed by the same attorneys who filed this case, *Greinstein v.*

6    *FieldCore Services Solutions, LLC, et al.*, Case No. 2:18-cv-00208-Z-BR (N.D. Tex.). In

7    *Greinstein*, the Court found that conditional certification of an FLSA collective action was

8    not appropriate for a group of current and former employees in Defendants'

9    Environmental Health & Safety ("EHS") business unit. Having been denied the relief they

10   sought in *Greinstein*, the former opt-in plaintiffs filed this action with Plaintiff Trottier and

11   now purport to seek certification of a massively broader collective, one that is not limited

12   to EHS. This is inappropriate, and this case is even less suitable for collective or class

13   treatment than *Greinstein*.

14          Plaintiff has not identified a common unlawful policy or plan which would unify

15   his proposed collective or class.  Plaintiff also has not alleged common issues of fact which

16   would sufficiently bind together his proposed collective or class: The members of this

17   putative class hold a wide variety of job positions, worked on a diverse array of projects

18   across the country that differed in terms of goals, focus, scope, duration, staffing, and

19   many other factors, and were parties to a variety of different compensation arrangements.

20          Assuming Plaintiff could remedy these serious defects, his putative collective

21   would remain improper because this Court lacks personal jurisdiction over individuals

22   who live and worked outside of California. *See Roy v. FedEx Ground Package Sys., Inc.*,

23   2018 WL 6179504, at *1 (D. Mass. 2018) ("Relying on *Bristol-Myers Squibb Co. v. Sup.*

24   *Ct. of Cal., San Francisco Cty.*, 137 S.Ct. 1773 (2017)… , FedEx Ground argues that

25   Plaintiffs are barred from asserting claims on behalf of putative collective action members

26   who worked outside Massachusetts because those claims do not relate to FedEx Grounds'

27   contacts with Massachusetts…. The court concludes that the claims of potential opt-in

28

JOINT RULE 26(F) REPORT
63977641v.1

1
2
out-of-state employees do not provide the court with a basis to exercise personal jurisdiction…").

3
4
5
Finally, Defendants at all relevant times acted in good faith, and Plaintiff will not be able to satisfy his burden to prove willfulness. As to damages, if any, the proper calculation would be under a half-time calculation, not time and a half.

6
**2.    Discovery Plan**

7
**A.  Rule 26(a)(1) Disclosures**

8
9
The parties will exchange initial disclosures within 30 days of the initial meeting with the Mediator, which is scheduled for May 18, 2020.

10
**B.  Scope of Discovery**

11
*For Plaintiff:*

12
13
14
15
16
17
18
Plaintiff believes the following documents will be relevant: pay records; timesheets; personnel records; Defendants' policies and procedures related to compensation; communications regarding compensation; timesheets; job postings; work schedules; tax documents; documents identifying Putative Class Members; contracts and agreements between Defendants and its clients; documents regarding complaints, investigations, violations, and allegations that Defendants previously violated the FLSA; documents relating to Defendants' exemption defenses.

19
20
Plaintiff does not propose any limitations on discovery at this time. Plaintiff may request representative discovery if class or conditional certification is granted.

21
22
23
24
25
26
27
28
Defendant paid all of its workers in the putative class straight time for overtime. This uniform practice applied regardless of any individualized factors.  This is the type of case that is objectively suitable for collective treatment. Ignoring the lenient standards for conditional certification and the breadth of evidence that a similarly situated class of workers exists and should be notified of this lawsuit, Defendants seek to delay these proceedings by claiming a need for bifurcated discovery.  Defendants' request is a dilatory tactic. At this stage all the parties and the Court should care about is whether Plaintiff and the Putative Class Members together were subject to a common pay policy alleged to

5

63977641v.1

1  violate the FLSA (and thus are "similarly situated"), California Law, and New York Law.

2  Such phased discovery is unnecessary and improper because it could only apply to the

3  merits of the case, as opposed to whether the Plaintiff and Putative Class Members are

4  similarly situated.

5       It is worth noting that Defendant suffers no risk of prejudice without phased

6  discovery because it is in possession or has access to evidence related to Plaintiff and the

7  Putative Class Members as well as documentation necessary to identify any third parties.

8  In contrast, the Putative Class Members are in danger of extreme prejudice by any delay

9  of this matter. With each passing day, their statute of limitations continues to lapse. And

10  allowing expanded phased discovery conflicts with issuing notice in a timely and efficient

11  manner.

12       ***For Defendants:***

13       As noted above, this case is related to an earlier filed and still pending case,

14  *Greinstein v. FieldCore Services Solutions, LLC, et al.*, Case No. 2:18-cv-00208-Z-BR

15  (N.D. Tex.). In *Greinstein*, which was filed in 2018, the same attorneys who represent

16  Plaintiff Trottier have served extensive written discovery requests, filed a motion to

17  compel discovery, and filed a motion for conditional certification of an FLSA collective

18  action. The opt-in plaintiffs in this case were opt-ins in *Greinstein* until after the court in

19  that case denied, without prejudice, the plaintiffs' motion for conditional certification of

20  a collective limited to EHS.

21       Before allowing Plaintiff, the opt-in plaintiffs, and their counsel to utilize this

22  litigation as a second bite at the apple, one in which they will seek to certify a much larger

23  collective than the one the *Greinstein* court has thus far declined to conditionally certify,

24  this Court should require that the parties focus discovery on the claims of Plaintiff and the

25  opt-ins. This is particularly true given that, as noted above, Plaintiff persists in claiming

26  that he was paid on an hourly basis, despite the fact that he was a highly-compensated

27  salaried employee. This fundamental question, and others at the core of Plaintiff's and the

28  opt-in plaintiffs' claims, should be addressed early, before the gears of collective or class

JOINT RULE 26(F) REPORT

63977641v.1

1  action litigation can be used as a vehicle to ramp up discovery costs or embark on a
2  massive fishing expedition.

3  Thus, Defendants believe that discovery should be divided into two phases. Phase
4  1 will be limited to the following topics: (1) The merits of the individual claims brought
5  by Plaintiff Trottier and the opt-in plaintiffs; (2) the propriety of conditional certification
6  under the FLSA; and (3) whether Plaintiff can establish the elements necessary for
7  certification of a class under Fed. R. Civ. P. 23. Defendant proposes that Phase 1 discovery
8  last six (6) months from the Scheduling Conference (i.e., until December 1, 2020), with
9  Plaintiff's motions for class certification under Rule 23 and conditional certification under
10  the FLSA due seven-and-a-half (7.5) months from the Scheduling Conference (i.e., on
11  January 15, 2021).

12  Phase 2 discovery will only be necessary if this Court grants Plaintiff's anticipated
13  motions for class certification and/or conditional certification of a collective action and if
14  Plaintiff's claims survive any dispositive motion that Defendants might file as a result of
15  Phase 1 discovery. Defendants propose that the Parties confer about the scope and length
16  of Phase 2 discovery within fourteen (14) days of the Court granting any motion for class
17  or conditional certification and submit a proposed Phase 2 discovery plan to this Court
18  within twenty-one (21) days of the granting of any such motion.

19  Defendants believe the following documents will be relevant: Receipts for travel-
20  related expenses; journals, diaries, calendars, and other records which evince when and
21  where work was performed for FieldCore; correspondence exchanged with FieldCore
22  relating to compensation, employment agreements, and exempt status classification; any
23  complaints to federal and state authorities regarding violations by FieldCore of any wage
24  and hour laws; and all documents Plaintiff contends evince common issues of fact and law
25  among the class members.

26  **C.  Electronically Stored Information**

27  The Parties agree to use their best efforts to produce data that is stored or maintained
28  electronically ("ESI") in an agreed upon electronic format. The Parties agree to produce

63977641v.1

1  ESI in a non-metadata format. The Parties do not believe that there will be extensive ESI
2  in this wage and hour case. Should there be a large amount of ESI, the Parties will
3  reconvene. Both Parties have the obligation to preserve data.

4  **D.  Claims of Privilege and/or Protection**

5  The Parties agree to produce privilege logs as necessary and as provided under
6  Federal Rule of Civil Procedure 26(b)(5).

7  The Parties agree that confidential or privileged information that is inadvertently
8  produced by a Party will be returned by the other Parties without retaining copies, the
9  inadvertently produced materials will not be used, no waiver will result, and all objections
10  to production or admissibility will remain intact. The Parties will work together to draft a
11  protective order reflecting these and other terms.

12  **E.  Discovery Limitations**

13  *For Plaintiff:*

14  Plaintiff may request representative discovery if class or conditional certification is
15  granted.

16  *For Defendants:*

17  As set out in Section B, *supra*, Defendants believe that discovery should be phased.
18  Discovery on the merits of Plaintiff's and opt-in plaintiffs' individual claims, as well as
19  the propriety of conditionally certifying this case to proceed on a collective or class action
20  basis, would take place in Phase 1.

21  If, as a result of Phase 1 discovery, the Court grants Plaintiff's anticipated motion
22  for conditional certification of a collective action or certification of a Rule 23 class, the
23  Parties should focus in Phase 2 on the claims of the collective action members and/or the
24  class members as well as whether they can and should proceed toward trial on a collective
25  and/or class basis.

26  Should class or conditional certification be granted, Defendants anticipate
27  requesting depositions in excess of those permitted by the Federal Rules of Civil
28  Procedure.

JOINT RULE 26(F) REPORT

63977641v.1

1    Except as set forth above, the Parties do not at this time propose any changes to the

2    limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local

3    Rules of the Central District. The Parties agree they will meet and confer in the future if

4    Plaintiff and/or Defendants wish to stipulate to any changes to the limitations on

5    discovery. Should the Parties be unable to resolve any discovery issues, both Parties

6    reserve their right to bring matters before the Court.

7    **F.  Other Orders**

8    The Parties do not anticipate the need for any additional orders under Rule 26(c) or

9    Rule 16(b) or (c) at this time. Should the Parties be unable to reach an agreement as to

10   Plaintiff's demand for class-wide discovery, Defendants anticipate they will file a motion

11   for a protective order.

12   **II.      REQUIREMENTS OF THE COURT'S APRIL 9, 2020 ORDER (DKT. 28)**

13   **1.     A listing and proposed schedule of written discovery, depositions, and a**

14   **proposed discovery cut-off date**

15   The proposed deadlines set forth below are subject to change because the Parties

16   are currently exploring the possibility of an early resolution. Should those efforts fail, the

17   Parties may need additional time to conduct formal discovery. Thus, the Parties reserve

18   the right to request modification of their proposed deadlines.

19   *For Plaintiff:*

20   Plaintiff proposes that the last day for the Parties to exchange written discovery

21   requests should be January 27, 2021.

22   Plaintiff proposes that the last day to complete fact witness depositions should be

23   February 26, 2020.

24   Plaintiff proposes that the last day for Parties with the burden of proof to designate

25   experts and make the expert disclosures required by Rule 26(a)(2) should be November 2,

26   2020.

27   Plaintiff proposes that the last day for all Parties to designate rebuttal expert

28   witnesses should be December 2, 2020.

JOINT RULE 26(F) REPORT

63977641v.1

1
2

Plaintiff proposes that the last day to object to experts (*i.e., Daubert* and similar motions) should be January 8, 2021.

3
4

Plaintiff proposes that the last date to complete discovery, including expert discovery, should be February 26, 2021.

5

***For Defendants:***

6
7
8
9
10
11

As noted in Section I.B, *supra*, Defendants propose that discovery should be separated into two phases. Phase 1 should be limited to the merits of Plaintiff's and the opt-in plaintiffs' claims, as well as reasonably tailored discovery concerning the appropriateness of class or collective action certification. Defendants propose that the last date to complete Phase 1 discovery should be six (6) months from the Scheduling Conference, i.e., Tuesday, December 2, 2020.

12
13
14

Defendants propose that the Parties exchange written discovery requests consistent with the purpose of first-phase discovery within thirty (30) days after the initial meeting with the mediator scheduled for May 18, 2020.

15
16
17
18
19
20
21
22

Defendants propose that the deadline for dispositive motions concerning Plaintiff's or the opt-in plaintiffs' claims, as well as any motion for conditional certification of an FLSA collective action or Rule 23 class certification, should be seven and a half (7.5) months from the Scheduling Conference, i.e., Friday, January 15, 2021. In the event that the case proceeds to Phase 2, additional dispositive motions concerning the claims of collective action and/or class action members, as well as any motion to decertify the class and/or conditionally certified collective, should be due thirty (30) days after Phase 2 discovery ends.

23
24
25
26
27

Defendants propose that all other deadlines, including deadlines associated with collective action discovery (in the event that a collective is conditionally certified) or class action discovery, should be delayed until Phase 2, which would commence, if at all, after the Court rules on any dispositive or conditional certification motions filed following Phase 1 discovery.

28

JOINT RULE 26(F) REPORT

63977641v.1

**2.** **A listing and proposed schedule of law and motion matters, and a proposed dispositive motion cut-off date**

The motion filing cut-off date is the last day motions may be heard (not filed).

*For Plaintiff:*

Plaintiff proposes that the last day to file dispositive motions, including motions for summary judgment, should be April 2, 2021.

Plaintiff proposes that the last day to file all other motions except motions in limine should be April 9, 2021.

Plaintiff proposes that the dispositive motion cut-off date should be April 2, 2020.

*For Defendants:*

Defendants propose that the dispositive motions cut-off date following Phase 1 discovery should be January 15, 2021, and that the motion cut-off date for such motions should be March 1, 2021.

Defendants propose that the last day to file all other motions should be established at the outset of Phase 2 discovery, if the case proceeds to Phase 2.

**3.** **A statement of what efforts have been made to settle or resolve the case to date and what settlement procedure is recommended pursuant to Local Rule 16-15.4 (specifically excluding any statement of the terms discussed)**

The Parties believe that private mediation (ADR Procedure No. 3 under L.R. 16-15.4) is an acceptable method of alternative dispute resolution and that an early mediation could be worthwhile.

The Parties have engaged Hunter Hughes, an experienced wage and hour mediator, to preside over mediation. Defendants provided, confidentially and solely for use in settlement purposes, payroll records and summary records for Plaintiff to calculate alleged damages for himself, the opt-in plaintiffs, and putative class or collective members. The Parties are conducting an initial informal mediation meeting on May 18, 2020.

11

63977641v.1

**4.** **An estimated length of trial and a proposed date for the Final Pretrial Conference and for Trial**

The Parties estimate a four-week trial if the case is tried as a collective or class action. The Parties estimate a one-week trial if tried as an individual action concerning only Plaintiff's claims.

*For Plaintiff:*

Plaintiff requests a Final Pretrial Conference on May 17, 2021 and a trial date in June of 2021.

*For Defendants:*

Defendants agree with Plaintiff's proposed timing for a Final Pretrial Conference and trial date if, as a result of phase one proceedings and rulings, the case proceeds to trial only on the claims of Plaintiff. If Phase 2 discovery is necessary (i.e., if the case is conditionally certified as a collective action and/or certified to proceed as a class action under Fed. R. Civ. P. 23), Defendants propose that a Final Pretrial Conference date and trial date should be set at a later time.

**5.** **A discussion of other parties likely to be added**

The Parties agree that the last day to join other parties should be August 3, 2020. At this time, the Parties do not believe that other parties will be joined.

**6.** **Whether trial will be by jury or to the court**

Trial will be by Jury.

**7.** **Any other issues affecting the status or management of the case**

The Parties are currently negotiating to determine if a settlement can be reached. Depending on the progress of settlement negotiations, the Parties may need additional time for discovery and dispositive motions.

**8.** **Proposals regarding severance, bifurcation or other ordering of proof**

*For Plaintiff:*

None at this time.

JOINT RULE 26(F) REPORT

63977641v.1

1

*For Defendants:*

2   Defendants believe that, in the interests of judicial economy and to avoid expending

3   needlessly massive amounts of time and other resources on classwide discovery, the

4   Parties should focus first on: (1) the merits of the individual claims brought by Plaintiff

5   and the opt-in plaintiffs; (2) the propriety of conditional certification under the FLSA; and

6   (3) whether plaintiff can establish the elements necessary for certification of a class under

7   Fed. R. Civ. P. 23.

8   Phase 2 discovery will only be necessary if the Court grants Plaintiff's anticipated

9   motions for class certification and/or conditional certification of a collective action and if

10  Plaintiff's claims survive any dispositive motion that Defendants might file as a result of

11  Phase 1 discovery. As detailed above, Defendants propose that the Parties confer about

12  the scope and length of Phase 2 discovery shortly after the Court rules on those motions.

13  **9.   A short synopsis of the principal issues in the case**

14  *See* "Statement of the Case" at Section I.1, *supra*.

15

16

17  **10.   A statement of whether pleadings are likely to be amended**

18  The Parties agree that the last day to amend the pleadings should be August 3, 2020.

19  Plaintiff believes the pleadings may need to be amended to add additional state law claims.

20  Defendants reserve the right to object to any attempt by Plaintiff to amend the pleadings

21  to add additional claims.

22  **11.   A statement as to issues which any party believes may be determined by motion**

23  *For Plaintiff:*

24  Plaintiff intends to file a motion for conditional certification under the FLSA and to

25  approve notice to potential opt-ins. Plaintiff also intends to file a motion for class

26  certification pursuant to Federal Rule of Civil Procedure 23.

27  *For Defendants:*

28

JOINT RULE 26(F) REPORT

63977641v.1

1    Defendants believe an early motion for summary judgment as to Plaintiff's and the

2    opt-in plaintiffs' individual claims may be appropriate. Defendants also intend to file a

3    motion to dismiss any opt-in plaintiff who did not work and does not live in California

4    based on a lack of personal jurisdiction, as detailed in Section I.1, *supra*.

5    Defendants also believe that a motion for partial summary judgment on the

6    "reasonable relationship test" may be appropriate because it does not apply to salaried

7    employees. Addressing this issue early in the litigation could significantly streamline the

8    case. Moreover, the question is primarily one of law, not fact, and would be ready for early

9    resolution by the Court.

10    Regarding class issues, Defendants anticipate the need to file a motion to decertify

11    the FLSA collective if one is conditionally certified. Defendants reserve the right to file a

12    motion to strike class action allegations. Also, in the event that the case proceeds to trial

13    on a class, collective, or other multi-plaintiff basis, Defendants anticipate filing a motion

14    for a trial plan.

### III.    LOCAL RULE 26-1 REQUIREMENTS

**A.    Complex Cases**

The Parties agree that the Manual for Complex Litigation is not necessary for this case, but may be used as a reference depending on the circumstances.

**B.    Motion Schedule**

*See* Section II.2, *supra*. The Parties will meet and confer regarding a proposed schedule to govern Plaintiff's motion for conditional certification and to approve FLSA notice if mediation proves unsuccessful.

**C.    ADR**

*See* Section II.3, *supra*.

**D.    Trial Estimate**

*See* Section II.4, *supra*.

**E.    Additional Parties**

*See* Section II.5, *supra*.

JOINT RULE 26(F) REPORT

63977641v.1

1

**F.**    **Expert Witnesses**

2

*See* Section II.1, *supra*.

3

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I certify that all other signatories listed, on

4

whose behalf the filing is submitted, concur in the filings content and have authorized the

5

filing.

6

7

Dated:  May 18, 2020                                SEYFARTH SHAW LLP

8

By: */s/ Jonathan L. Brophy*
                                                                    Jonathan L. Brophy

9

One of Counsel for Defendants

10

FIELDCORE SERVICE SOLUTIONS, LLC, and GRANITE SERVICES INTERNATIONAL, INC.

11

12

Dated:  May 18, 2020                                PARMET PC

13

By: */s/ Matthew S. Parmet*
                                                                    Matthew S. Parmet

14

One of Counsel for Plaintiff

15

MARTIN TROTTIER

16

17

18

19

20

21

22

23

24

25

26

27

28

15

63977641v.1